```
1  WRIGHT, FINLAY & ZAK, LLP
   Nichole L. Glowin, Esq. SBN 262932
2  4665 MacArthur Court, Suite 200
3  Newport Beach, CA  92660
   Tel: (949) 477-5050; Fax: (949) 608-9142
4  nglowin@wrightlegal.net

5  Attorneys for Movant,
6  FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>FRANCISCA CRISTINA PAZ,<br><br>          Debtor. | Case No.: 18-12015<br>Chapter: 7<br><br>D.C. No.: NLG-1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362 (REAL PROPERTY)**<br><br>Date:      August 22, 2018<br>Time:     9:00 a.m.<br>Ctrm:     11, Dept. A<br>Location:  2500 Tulare Street<br>                Fresno, CA 93721 |

**TO THE HONORABLE FREDRICK E. CLEMENT, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, THE CHAPTER 7 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns ("Movant") hereby moves this Court pursuant to 11 U.S.C. §§ 362(d)(1) and (d)(2) for an order terminating the automatic stay of 11 U.S.C. § 362(a) as it applies to Movant and the real property located at 32313 Road 160, Ivanhoe, CA 93235 ("Property") so that Movant may commence

and/or continue all acts necessary under applicable non-bankruptcy law to enforce its rights and remedies against the Property. This Motion is based on this Motion for Relief from Stay, the Notice of Motion for Relief from the Automatic Stay, the Memorandum of Points and Authorities in Support of the Motion for Relief from the Automatic Stay and the Declaration in Support of the Motion for Relief from the Automatic Stay filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

This Motion is made on the grounds that Movant has not received timely or consistent post-petition payments, that Movant is not adequately protected by an adequate cushion of equity and/or post-petition payments and that the Property has no equity and is not necessary to an effective re-organization as follows:

**1.　　Pursuant to 11 U.S.C. § 362(d)(1) as Movant's Interest is Not Adequately Protected Due to Debtor's Failure to Make Post-Petition Payments and a Lack of Equity in the Property:** Debtor executed the relevant promissory Note on July 17, 2006, in the original amount of $368,000.00. The Note is secured by a Deed of Trust encumbering the Property now held by Movant (See Exhibits in Support of Motion for Relief from Automatic Stay ("Exhibits") filed concurrently herewith at **Exhibits 1-3**, Note, Deed of Trust and Assignment). Thereafter, on May 18, 2018, Debtor filed the above-captioned bankruptcy. In or about March of 2018, Debtors defaulted by failing to make the required payments due to Movant under the Note and Deed of Trust. Since that time, Debtor has remitted no further payments to Movant. Currently, Debtor still owes Movant payments for the months of March 1, 2018 through June 1, 2018, which includes one (1) post-petition payment (See Declaration in Support of Motion for Relief From Stay filed concurrently herewith). Accordingly, cause exists to grant Movant relief from stay under 11 U.S.C. § 362(d)(1) as Debtor has failed to make timely and consistent post-petition payments as required (*See In re Ellis*, 60 B.R. 432 (BAP 9th Cir. 1985); *In re Harlan*, 783 F.2d 839 (BAP 9th Cir. 1986) holding that a debtors failure to make post-petition payments to his/her secured creditors constitutes cause to grant relief under 11 U.S.C. § 362(d)(1)). Additionally, further cause exists to grant relief as Movant

1 is not adequately protected by a sufficient cushion of equity in the Property. Debtor's
2 Schedules A and D filed in her bankruptcy indicate that the Property has a current value of
3 $453,176.00. As set forth in Movant's Relief from Stay Coversheet filed herewith the balance
4 due under the Note and Deed of Trust totals $450,277.15, thereby resulting in a negligible
5 equity cushion that will be completely eroded when items such as 8% cost of sale are included
6 (See Exhibits at **Exhibit 4**, Debtor's Schedules A and D). Thus, further cause exists to grant
7 relief under 11 U.S.C. § 362(d)(1) as there is no equity in the Property to adequately protect
8 Movant's interest as required (*See In re Mellor*, 734 F.2d 1396 (9th Cir. 1984 holding that a
9 20% equity cushion is required to establish adequate protection and that lack of a sufficient
10 equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of
11 adequate protection and cause to grant relief under 11 U.S.C. § 362(d)(1)).

12     **2.**     **Pursuant to 11 U.S.C. § 362(d)(2) as No Equity Exists in the Property and
13 the Property Is Not Necessary to an Effective Reorganization:** Debtor filed the above-
14 captioned bankruptcy case on May 18, 2018 and included in said filing schedules which
15 indicate that the subject Property has a value of $453,176.00 and that the Property is
16 encumbered by a 444,076.00 first position lien in favor of Movant (See Exhibits filed
17 concurrently herewith at **Exhibit 4**, Debtor's Schedules A and D). As set forth in Movant's
18 Relief from Stay Coversheet filed concurrently herewith, Movant's above-described Note and
19 Deed of Trust has a current balance of $450,277.15 and as such no equity exists in the Property
20 over and above the valuation set forth by Debtor when 8% costs of sale ($36,254.08) are
21 included. Further, because this is a Chapter 7 case, which solely deals with liquidation, the
22 Property is not necessary to an effective reorganization. As no equity exists for the benefit of
23 the Debtor and/or her bankruptcy estate and because no reorganization is contemplated in this
24 Chapter 7 matter cause therefore exists to grant Movant relief from stay pursuant to 11 U.S.C.
25 § 362(d)(2).
26 ///
27 ///
28

For all the reasons discussed herein and in the documents filed in support of the Motion, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE,** Movant respectfully prays that this Court issue an Order as follows:

(1). For an Order granting relief from and terminating the automatic stay as to Debtor and Debtor's estate to allow Movant, and or its successors and/or assigns, to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Property under the subject Note and Deed of Trust to foreclose upon and/or to take any other actions necessary to obtain possession of the Property.

(2). For an Order that the fourteen day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3) is waived.

(3). That the Order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the United States Bankruptcy Code, unless a specific exception has been provided herein.

(4). That the Movant, its successors and/or assigns, at its option, may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement as allowed by state law and that Movant may contact Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

(5). For an Order permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant Motion by adding these amounts to the outstanding balance due under Movant's Note, as allowed under applicable non-bankruptcy law.

(6). For such other and further relief as the Court deems appropriate.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 3, 2018  By: */s/ Nichole L. Glowin*
Nichole L. Glowin, Esq.
Attorneys for Movant, FEDERAL NATIONAL MORTGAGE ASSOCIATION, its successors and/or assigns